UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH D. MORELAND,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:19-cv-02290 GGH P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a two-page document which appears to be a motion for an extension of time in place of his application for writ of habeas corpus. See ECF No. 1. No other pleadings were filed by petitioner. The document in its entirety states the following:

> Clerk, Greetings and my utmost respect, the Supreme Court denied my writ of habeas corpus on October 9, 2019. I received the courts denial on November the 1st. Today I was told by a c/o that tomorrow I will be going back to Solano County Court for a hearing. I don't know how long I will be there[.] Therefore I will like to request a Extension if you will be so kind, I'm enclosing The Supreme Court Denial in this letter and [I] thank you for your consideration, [I] believe a 2 month Exten[s]ion would be suffice if you will. God Bless. Respectfully, Ralph Moreland

ECF No. 1 at 1. Petitioner attaches a copy of the California Supreme Court's denial. Id. at 2.

In order to commence a federal habeas action, Rule 3 of the Rules Governing Section 2254 Cases provides that petitioner must file a petition for writ of habeas corpus accompanied

1

with the applicable filing fee or a motion for leave to proceed in forma pauperis. See Rule 3(a); 28 U.S.C. §§ 1914(a), 1915(a). The undersigned will not address petitioner's requests for relief until petitioner has properly commenced a federal habeas action.[1] See also Hernandez v. Hamlet, No. C 02-3109 SI (PR), 2002 WL 1766428 (N.D. Cal. July 25, 2002) (The court did not have jurisdiction under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution to consider in advance petitioner's timeliness issue when no federal habeas petition had been filed.)

If petitioner is seeking a stay, the court cannot determine at this time whether he is entitled to a stay in this action without the filing of a habeas petition. A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2

failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). If petitioner seeks a stay, he must file a motion for stay and abeyance, in compliance with the requirements set forth above, along with his federal habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request (ECF No. 1) is denied without prejudice;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed. Fed. R. Civ. P. 41(a); and

3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: December 9, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE