UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH D. MORELAND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | No. 2:19-cv-02290 JAM GGH P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

The procedural background of this case is taken from the court's July 31, 2020 order:

> On November 12, 2019, petitioner filed a motion for extension of time to file his writ of habeas corpus. ECF No. 1. On December 9, 2019, the court denied the motion for extension of time and provided petitioner an opportunity to properly commence his federal habeas action by filing a petition for writ of habeas corpus and an in forma pauperis affidavit or pay the required filing fee. ECF No. 3. Petitioner was warned that failure to comply with the court's order and deadlines would result in a recommendation that this matter be dismissed. Id. at 3. Petitioner failed to respond within the requisite time. On January 30, 2020, the undersigned issued findings and recommendations recommending dismissal based on petitioner's failure to prosecute this action. ECF No. 5. On March 3, 2020, petitioner filed late objections. ECF No. 6. In his objections, petitioner noted that his delay was due to multiple facility transfers and lack of access to his property. <u>Id.</u> Petitioner, however, did not

1

> file his federal habeas petition nor his application to proceed in forma pauperis or pay the required filing fee, as instructed by this court on December 9, 2019. Nevertheless, on March 25, 2020, the court vacated its January 30, 2020 findings and recommendations and afforded petitioner one more opportunity to properly commence this federal action. ECF No. 7. Petitioner was warned that failure to comply with the court's deadlines and orders would result in a recommendation that this matter be dismissed. Id. Petitioner was further warned that no further extensions would be allowed except for extenuating circumstances. Id. Petitioner failed to respond within the required deadline. Accordingly, on May 18, 2020, the court issued findings and recommendations recommending dismissal of this action for failure to prosecute. ECF No. 8. On June 8, 2020, petitioner filed late objections. ECF No. 9.
>
> In his objections, petitioner states that he has not had access to his property, including his legal paperwork, since November 2019. ECF No. 9. Petitioner states on November 6, 2019, he was transferred to the Solano County Superior Court. Id. at 1. Petitioner returned to North Kern State Prison on December 29, 2019. Id. Upon his return to state prison, petitioner began making efforts to retrieve his property and eventually began filing 602 grievances. Id. Petitioner states on or around May 6, 2020, petitioner received his property. Id. at 2. In support of these contentions, petitioner includes his California Department of Corrections and Rehabilitation ("CDCR") 602 grievance forms and CDCR's appeal decisions granting in part, his requests for his property.

ECF No. 10 at 1-2.

Based on petitioner's showing of extenuating circumstances for failure to comply with the court's orders within the required deadline, the court provided petitioner a second opportunity to properly commence this federal action. Id. Petitioner was granted thirty days from the date of the order to file a habeas petition that complied with the requirements of the Rules Governing 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rule of Practice. Id. Petitioner was further warned that failure "to comply with the court's deadlines and orders or risk a recommendation that this action be dismissed for failure to prosecute and/or to follow a court order pursuant to Federal Rules of Civil Procedure 41(b). Id. at 2.

Petitioner has not responded to the court's orders, nor taken any action to prosecute this case.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE